UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 20-11678-CJC (KK)** | Date: | January 6, 2021 |
| Title: | *Luis A. Rios v. Covello* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner: | Attorney(s) Present for Respondent(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   (In Chambers) Order to Show Cause Why Petition Should Not Be Dismissed as Untimely

**I.
INTRODUCTION**

On December 17, 2020, Petitioner Luis A. Rios ("Rios"), an inmate at Richard J. Donovan Correctional Facility, constructively filed[1] a pro se Petition for a Writ of Habeas Corpus ("Petition") appearing to challenge his conviction(s) in the Los Angeles County Superior Court and/or the San Bernardino County Superior Court. ECF Docket No. ("Dkt.") 1 at 1. The Petition, however, appears subject to dismissal as untimely. The Court will provide Rios an opportunity to address this issue before making a final determination regarding whether the Petition should be dismissed.

**II.
BACKGROUND**

**A.   STATE COURT PROCEEDINGS**

On April 26, 2013, Rios pled guilty in San Bernardino County Superior Court, Case No. FWV1201258, to attempted murder with personal use of a firearm in violation of sections 664/187(A) and 12022.5(A) of the California Penal Code. Id. at 32, 38. On May 24, 2013, Rios was sentenced to twelve years in state prison. Id.

---

[1]   Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the Court deems the pleading constructively filed on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted).

On a date not set forth in the Petition, Rios was separately convicted in Los Angeles County Superior Court, Case No. KA098999-01, of charges not set forth in the Petition.  Id. at 38.  Rios alleges "a weapon that was . . . used in San Bernardino was later (REUSED) for another case in Los Angeles" and that "fraud had been [perpetrated] for the purpose of [coercing] a plea settlement."  Id. at 17.

Rios did not appeal the judgment of either conviction in the California Court of Appeal.  Id. at 4.

On April 30, 2020, Rios constructively filed a state habeas petition with the California Supreme Court, Case No. S262091.  Id. at 57, 77.  On July 15, 2020, the California Supreme Court denied the petition.  Id. at 77.

On May 17, 2020, Rios constructively filed a "Motion to Reconsider Petitioner[']s Request to Consolidate Cases" in the San Bernardino County Superior Court, Case No. WHCJS2000386.  Id. at 34.  On July 27, 2020, the superior court concluded the motion should be treated as a petition for writ of habeas corpus and denied the petition.  Id. at 38, 40.

**B.     FEDERAL HABEAS PROCEEDINGS**

On December 17, 2020, Rios constructively filed the instant Petition.  Id. at 15.  Rios sets forth the following three grounds for relief, which appear to relate to his Los Angeles County Superior Court conviction:

1. Rios' due process rights were violated when the prosecutor coerced the plea agreement while relying on false evidence "of the 9mm casings used in a case where a .380 firearm was located, resulting in an illegal plea agreement" ("Ground One"), id. at 27;
2. Rios' due process rights were violated when the prosecutor coerced the plea settlement "regarding P.C. § 289 where consenting parties participated under the 'Romeo and Juliet' laws" ("Ground Two"), id. at 28; and
3. Rios' due process rights outlined by the Fourteenth Amendment were violated when trial counsel failed to file suppression motions with "regards to the .380 semi automatic weapon recovered from" Ontario, California ("Ground Three"), id. at 29.

**III.
DISCUSSION**

**A.     THE PETITION FAILS TO CLEARLY STATE WHICH CONVICTION RIOS IS CHALLENGING**

As a preliminary matter, it is unclear what conviction Rios seeks to challenge.  Rios states he is challenging his convictions in San Bernardino Superior Court, Case No. FWV1201258, and Los Angeles County Superior Court, Case No. KA098999-01.  Id. at 3.  Rios claims, however, he discovered false evidence that was used to coerce him into pleading guilty in his Los Angeles County Superior Court case, and thus, appears to only challenge that conviction.  Id. at 19, 27.

Accordingly, Rios must respond to this Order clarifying (1) which conviction he is challenging and 2) the date of the conviction.

**B.      THE PETITION IS UNTIMELY AND SUBJECT TO DISMISSAL**

**1.      The Petition Was Filed After AEDPA's One-Year Limitations Period**

**a.      Applicable Law**

Rios filed the Petition after April 24, 1996, the effective date of AEDPA. See dkt. 1. Therefore, the requirements for habeas relief set forth in AEDPA apply. Soto v. Ryan, 760 F.3d 947, 956–57 (9th Cir. 2014). AEDPA "sets a one-year limitations period in which a state prisoner must file a federal habeas corpus petition." Thompson v. Lea, 681 F.3d 1093, 1093 (9th Cir. 2012). Ordinarily, the limitations period runs from the date on which the prisoner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1) ("Section 2244(d)(1)"). "When, on direct appeal, review is sought in the state's highest court but no petition for certiorari to the United States Supreme Court is filed, direct review is considered to be final when the certiorari petition would have been due, which is ninety days after the decision of the state's highest court." Porter v. Ollison, 620 F.3d 952, 958-59 (9th Cir. 2010) (citations omitted).

**b.      Analysis**

As set forth above, it is unclear what conviction Rios seeks to challenge. On April 26, 2013, Rios was convicted in San Bernardino County Superior Court. Dkt. 1 at 38. Rios did not seek direct review of his conviction and sentence. Id. at 4. Thus, his conviction would have become final sixty days after Rios was convicted. See Cal. Rule of Court 8.308(a) ("[A] notice of appeal . . . must be filed within 60 days after the rendition of the judgment or the making of the order being appealed."). To the extent he challenges his conviction in Los Angeles County Superior Court on an unspecified date, Rios again did not seek direct review of his conviction and sentence. Dkt. 1 at 4. Thus, his conviction would have become final sixty days after Rios was convicted.[2] See Cal. Rule of Court 8.308(a). Regardless of which conviction Rios seeks to challenge, AEDPA's one-year limitations period commenced the day after Rios' conviction became final and expired one year later. 28 U.S.C. § 2244(d)(1). Rios, however, constructively filed the instant Petition on December 17, 2020. Dkt. 1 at 15. Therefore, in the absence of a later trigger date or any applicable tolling, the Petition appears untimely by approximately at least five years under Section 2244(d)(1). Thompson, 681 F.3d at 1093.

///
///
///
///
///

---

[2]      While Rios fails to provide the date on which he was convicted in Los Angeles County Superior Court, he states, in an apparent reference to this case, "The length of time between conviction and this petition here is nearly seven years[.]" Dkt. 1 at 18.

### 2. Rios Is Not Entitled to a Later Trigger Date

#### a. Applicable Law

Pursuant to Section 2244(d)(1), there are three situations where a petitioner may be entitled to a later trigger date of the one-year limitation period beyond the date of his conviction becoming final. 28 U.S.C. § 2244(d)(1). First, under Subsection (B), if a state action prevented a petitioner from filing a federal habeas claim in violation of the Constitution or laws of the United States, the limitations period begins to run on "the date on which the impediment to filing an application created by State action . . . is removed[.]" 28 U.S.C. § 2244(d)(1)(B). Second, under Subsection (C), if a right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, the limitations period begins to run on the "date on which the constitutional right asserted was initially recognized by the Supreme Court[.]" 28 U.S.C. § 2244(d)(1)(C). Third, under Subsection (D), if a petitioner brings newly-discovered claims, the limitations period begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). However, "AEDPA's one-year statute of limitations in § 2244(d)(1) applies to each claim in a habeas application on an individual basis." Mardesich v. Cate, 668 F.3d 1164, 1171 (9th Cir. 2012). A different triggering date, therefore, may apply to each claim in a petition. Id.

"The statute of limitations begins to run under § 2244(d)(1)(D) when the factual predicate of a claim 'could have been discovered through the exercise of due diligence,' not when it actually was discovered." Ford v. Gonzalez, 683 F.3d 1230, 1235 (9th Cir. 2012) (emphasis added). "Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (citation omitted). In addition, "[t]he question is when petitioner had the essential facts underlying his claim, not when he obtained additional evidence supporting his claim." Coley v. Ducart, No. 2:16-1168-AC (P), 2017 WL 714304, at *4 (E.D. Cal. Feb. 23, 2017) (emphasis added).

#### b. Analysis

Rios does not appear to be entitled to a trigger date beyond the date on which his conviction became final. See 28 U.S.C. § 2244(d)(1).

First, Rios does not show he is entitled to a later trigger date under Subsection (B) because he does not identify any state action that prevented him from filing a federal habeas claim in violation of the Constitution or laws of the United States. 28 U.S.C. § 2244(d)(1)(B).

Second, Rios does not show he is entitled to a later trigger date under Subsection (C) because he does not identify a newly recognized right made retroactively available to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C).

Finally, to the extent Rios may argue he is entitled to a later trigger date for newly-discovered claims under Subsection (D) on Grounds One, Two, and Three, Rios has not identified any evidence that could not have been discovered before his conviction became final. 28 U.S.C. § 2244(d)(1)(D); Ford, 683 F.3d at 1235. Rios claims he discovered that "fraud had been [perpetrated] for the purpose of [coercing] a plea settlement." Dkt. 1 at 17. Rios states this fact was "not authenticated until January 2020 when special investigations and inquiries had uncovered the

fact[.]" Id. at 18.  Rios does not explain what these special investigations and inquiries entailed and why this evidence could not have been discovered through the exercise of due diligence before his conviction became final.  28 U.S.C. § 2244(d)(1)(D).

Hence, Rios has not shown he is entitled to a later trigger date for any of the grounds set forth in the Petition.

### 3. Statutory Tolling Does Not Render the Petition Timely

#### a. Applicable Law

"A habeas petitioner is entitled to statutory tolling of AEDPA's one-year statute of limitations while a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'"  Nedds v. Calderon, 678 F.3d 777, 780 (9th Cir. 2012) (quoting 28 U.S.C. § 2244(d)(2) ("Section 2244(d)(2)")).  Statutory tolling does not extend to the time between the date on which a judgment becomes final and the date on which the petitioner files his first state collateral challenge because during that time, there is no case "pending." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

A petitioner, however, is entitled to statutory tolling (i.e. gap tolling) for reasonable periods between the filing of properly filed applications for state post-conviction or other collateral review. Nedds, 678 F.3d at 781.  Nevertheless, "[a] petitioner who unreasonably delays in filing a state habeas petition would not be granted the benefit of statutory [gap] tolling because the petition would not be considered 'pending' or 'properly filed' within the meaning of § 2244(d)(2)."  Id. at 780 (citations omitted).  If a state court denies the petitioner's state habeas petition and the petitioner fails to file a subsequent state habeas petition within a reasonable time period, the petitioner's unreasonable delay precludes statutory tolling.  See Evans v. Chavis, 546 U.S. 189, 201 (2006) (holding that absent a clear indication to the contrary by the state legislature or state court, an unexplained and unjustified gap between filings of six months was "unreasonable").  Moreover, "[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (citation omitted).

#### b. Analysis

Here, Rios constructively filed his first state habeas petition on April 30, 2020, dkt. 1 at 57, more than approximately five years after the statute of limitations had expired for his convictions in San Bernardino County Superior Court and Los Angeles County Superior Court.  See id. at 17. Rios, therefore, is not entitled to statutory tolling for any state habeas petitions.  Ferguson, 321 F.3d at 823.  Hence, statutory tolling does not render the Petition timely.

### 4. Rios Does Not Appear to Be Entitled to Equitable Tolling

#### a. Applicable Law

In addition to the statutory tolling provided for by Section 2244(d)(2), the "AEDPA limitations period may be tolled" when it is "equitably required."  Doe v. Busby, 661 F.3d 1001, 1011 (9th Cir. 2011) (citations omitted).  "Generally, a litigant seeking equitable tolling bears the

burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Forbess v. Franke, 749 F.3d 837, 839 (9th Cir. 2014) (noting courts may grant equitable tolling only where "'extraordinary circumstances' prevented an otherwise diligent petitioner from filing on time" (citation omitted)).  Petitioner must prove the alleged extraordinary circumstance was a proximate cause of his untimeliness and the extraordinary circumstance made it impossible to file a petition on time. Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009); Roy v. Lampert, 465 F.3d 964, 973 (9th Cir. 2006) (citing Stillman v. LaMarque, 319 F.3d 1199, 1203 (9th Cir. 2003)).  The "threshold necessary to trigger equitable tolling [under AEDPA] is very high[.]" Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010) (internal quotation marks and citation omitted). The petitioner "bears a heavy burden to show that [he] is entitled to equitable tolling, lest the exceptions swallow the rule[.]" Rudin v. Myles, 781 F.3d 1043, 1055 (9th Cir. 2014) (internal quotation marks and citation omitted).

   **b.**  **Analysis**

Here, Rios does not present, nor does the Court find, any circumstances to warrant equitable tolling.  Hence, equitable tolling does not appear to render the Petition timely.

**IV.**
**ORDER**

For the above reasons, the Petition appears subject to dismissal.  Rios, therefore, is ORDERED TO SHOW CAUSE why the Court should not dismiss the Petition as untimely by filing a written response **no later than February 5, 2021**.  Rios also must also clarify which conviction he is challenging and the date of the conviction.

ALTERNATIVELY, **Rios May Voluntarily Dismiss the Action Without Prejudice**: Instead of filing a response to the instant Order, Rios may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a).  **The Clerk of the Court has attached a Notice of Dismissal form for Rios' convenience.**  However, the Court warns Rios that if Rios should later attempt to again raise any dismissed claims in a subsequent habeas petition, those claims may be time-barred under the statute of limitations in Section 2244(d)(1).  28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.").

**The Court warns Rios failure to timely file a response to this Order will result in the Court dismissing this action with prejudice as untimely, and for failure to prosecute and comply with court orders.**  See Fed. R. Civ. P. 41(b).

The Clerk of Court is directed to serve a copy of this Order on Rios at his current address of record.

**IT IS SO ORDERED.**